Curran, Dennis J., J.
The Lynn Retirement System seeks judicial review under G.L.c. 30A of the Contributory Retirement Appeal Board’s (CRAB) decision that it is required to reimburse the Massachusetts Teachers? Retirement System in accordance with G.L.c. 32, §3(8)(c). The Lynn Retirement System has moved for judgment on the pleadings, arguing that CRAB lacked the authority to hear the Massachusetts Teachers’ Retirement System case and that its decision was legally erroneous.
After reviewing the moving and opposition papers and a hearing, the Lynn Retirement System’s motion is DENIED for the following reasons.
BACKGROUND
Three teachers worked for some time in the Lynn system, but ultimately retired as members of the Massachusetts Teachers’ Retirement System in 2004, 2005 and 2007. In 2009, that retirement system asked the Public Employee Retirement Administration Commission to calculate how much reimbursement the Lynn Retirement System would owe for its portion of the three teachers’ pensions. On February 1,2010, the Massachusetts Teachers’ Retirement System for the first time requested reimbursement from the Lynn Retirement System. Lynn.responded that it would reimburse for its proportionate share of payments made in 2009, but not for previous years. The Massachusetts Teachers’ Retirement System appealed Lynn’s decision to the Division of Administrative Law Appeals (DALA). That agency found that it had the authority to hear the appeal, that the appeal was not premature, and that the Lynn Retirement System had to reimburse the Massachusetts Teachers’ Retirement System for all years from the teachers’ respective retirement dates through 2009. CRAB adopted the DALA’s findings and affirmed the decision.
DISCUSSION
The Lynn Retirement System contends that the CRAB’s decision should be reversed because the Massachusetts Teachers’ Retirement System is not a “governmental unit,” and therefore is not entitled to bring a claim for reimbursement under G.L.c. 32, §3(8)(c), that any claim for reimbursement must be brought as a breach of contract action in the Superior Court rather than as an appeal to DALA and CRAB, and that the CRAB incorrectly ignored G.L.c. 32, §3(8)(c)’s requirement that a retirement system make yearly requests for reimbursement. The Lynn Retirement System is mistaken.
CRAB and the DALA routinely decide disputes between retirement systems involving G.L.c. 32, §3(8)(c); those decisions are routinely appealed to the Superior Court and appellate courts, and are done so under G.L.c. 30A and the Rules of Appellate Procedure. See generally Haverhill Ret Sys. v. Contributory Ret. Appeal Bd., 82 Mass.App.Ct. 129 (2012); Arlington Contributory Ret. Bd. v. Contributory Ret. Appeal Bd., 75 Mass.App.Ct. 437 (2009). Despite being technically correct at times, the Lynn Retirement System does noi *502 raise any issue that precluded CRAB from hearing the Massachusetts Teachers’ Retirement System’s appeal or suggesting that CRAB decided incorrectly. Classic principles of statutory interpretation explain why this is so.
Statutes are interpreted to give effect to the legislature’s intent, Boston Ret. Bd. v. Contributory Ret. Appeal Bd., 441 Mass. 78, 83 (2004), and an agency’s reasonable interpretation of a statute should not be supplanted. Goldberg v. Board of Health of Granby, 444 Mass. 627, 633 (2005); Boston Ret. Bd., 414 Mass. at 82. The purpose of G.L.c. 32 “is to ensure that a member of multiple contributory retirement systems will receive a pension based on all the member’s years of creditable service to the full extent permitted by those retirement systems. Towards that end . . . §3(8) (c) provides that the retirement system that recognizes service in other contributory systems and that pays the pension portion of the benefit for all the years of service must be recompensed in full for the portion of the pension benefit attributable to service in another contributory system.” Haverhill Ret. Sys., 82 Mass.App.Ct. at 132-33.
To best accomplish this goal, CRAB interpreted the statute to permit one retirement system to bring a claim against a second retirement system, rather than forcing the governmental unit to follow the statutorily permissive — but not mandatory — process of initiating a breach of contract action. See G.L.c. 32, §3(8)(c). Because the retirement system is the entity that actually sustained the financial loss by the failure to reimburse, the retirement system is allowed to collect directly, rather than being forced to rely on the governmental unit to collect the money, and then appropriate the correct amount to the retirement system — a process that could be potentially fraught with issues of political and budgetary peril. Though this interpretation somewhat broadens the definition of governmental unit found in G.L.c. 32, §1, that definition applies “unless a different meaning is plainly required by the context.” CRAB reasonably felt that context required a more expansive definition.
As for the yearly request requirement, G.L.c. 32, §3(8) (c) is silent on the remedy for failure to timely request reimbursement. “Statutory silence, like statutory ambiguity, often requires that an agency give clarity to an issue necessarily implicated by the statute but either not addressed by the [legislature or delegated to the superior expertise of agency administrators.” Goldberg, 444 Mass. at 634. CRAB determined that, absent some indication in the statute to the contrary, punishing the Massachusetts Teachers’ Retirement System for late requests would not give effect to the legislature’s intent to ensure the financial stability of the retirement system as a whole. See Haverhill Ret. Sys., 82 Mass.App.Ct. at 132 (G.L.c. 32, §3(8) (c) has the statutory purpose of financial stability).
CRAB’s authority to hear appeals under G.L.c. 32, §16(4) is intentionally broad. It reasonably interpreted the statutes it administers to best effectuate legislative intent.
ORDER
For these reasons, the plaintiffs motion for judgment on the pleadings is DENIED.
Judgment shall enter forthwith for the defendants Contributory Retirement Appeal Board of the Commonwealth of Massachusetts and the Massachusetts Teachers’ Retirement Board.